UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

|  |
|---|
| PATRICIA DURSO<br><br>      Plaintiff,<br>v.<br><br>SATIN DOLLS ENTERAINMENT LTD, LIABILITY CO., et al<br><br>      Defendants. |

Civil Action No.

2:16-CV-03385-CCC-SCM

**ON ORDER TO SHOW CAUSE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS**

**[D.E. 60]**

## REPORT AND RECOMMENDATION

**STEVEN C. MANNION**, United States Magistrate Judge.

This matter comes before the Court *sua sponte* for Order to Show Cause why sanctions should not be imposed upon Plaintiff, Patricia Durso ("Ms. Durso") for failure to prosecute her case, to produce discovery and to comply with the Court's orders. Upon consideration of party submissions and for the reasons stated below, it is respectfully recommended that this case be **dismissed without prejudice.**

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Ms. Durso's complaint was filed on June 10, 2016.[1] She has not participated in the case since May 2, 2017.[2] On May 23, 2017, Ms. Durso's attorneys filed a motion to withdraw as her attorney after she repeatedly failed to respond to their numerous phone calls, emails and detailed telephone messages about the case.[3] Ms. Durso also refused to meet with her attorneys to

---

[1] (ECF Docket Entry No. ("D.E.") 1).

[2] (D.E. 43, Mot. to Withdraw)

[3] *Id.*

provide discovery.[4] Ms. Durso did not oppose the motion to withdraw, and the Court granted the motion.[5] On June 12, 2017, the Court issued an Order to Show Cause why Ms. Durso's case should not be dismissed for failure to prosecute or comply with a court order, ordering Ms. Durso to attend an in-person hearing on the Order to show cause.[6] A certified letter was sent to Ms. Durso on July 10, 2017 regarding the hearing. The letter was marked by the post office as "Refused."[7] Ms. Durso failed to attend the hearing, provide explanation for her absence from the hearing, or otherwise respond to the Order to Show Cause.[8] On August 11, 2017, the Court placed on the record defense counsel's attempts to reach Ms. Durso, and Ms. Durso's failure to cooperate in discovery. Ms. Durso has not contacted the Court since the Court's last attempt to reach her on August 11, 2017.

## II. DISCUSSION & ANALYSIS

### A. Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A district Court may dismiss a case for failure to prosecute under Rule 41(b) where a balance of the following factors weighs in favor of dismissal: (1) the extent of

---

[4] *Id.*

[5] (D.E. 51, Order).

[6] (D.E. 52, Order to Show Cause).

[7] (D.E. 59, Def.'s Letter).

[8] (D.E. 43, Mot. to Withdraw); (D.E. 45, Text Order).

the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[9]

### B. Analysis

After balancing these factors, the Court determines that a sanction other than dismissal will engender more delay and be ineffective. First, the stagnation and inactivity in this case is attributable to Ms. Durso, who has failed to provide the required discovery, obey multiple Court orders requiring appearances, and who has otherwise neglected to prosecute her case. Second, Ms. Durso's failure to prosecute the action or comply with Court orders frustrates and delays the resolution of this action as to the Defendant, who is plainly prejudiced by Ms. Durso's continuing inaction. Third, Ms. Durso's failure to respond to Satin Dolls Entertainment and participate in discovery despite repeated Court orders that she do so, constitutes a history of dilatoriness. Fourth, because Ms. Durso has failed to comply with instructions of the Court directing her to appear at conferences, explain her dilatoriness, or participate in discovery, the Court is compelled to conclude that Ms. Durso's actions are not accidental or inadvertent, but willful. Fifth, Ms. Durso has had multiple opportunities to participate in this action but has failed to do so, despite the Court's instruction and attempts to contact her; lesser sanctions may not be an effective alternative when confronted with litigants who will not comply with court

---

[9] *See Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir.1984).

orders. Sixth, although the Court cannot determine the merits of Ms. Durso's claims, no single *Poulis* factor is dispositive, and all factors need to be satisfied.

## IV. RECOMMENDATION

For the reasons articulated herein, the undersigned respectfully recommends that the case be **dismissed without prejudice**. The parties have fourteen (14) days to file and serve any objections to this Report and Recommendation.[10] "The District Court need not consider frivolous, conclusive, or general objections."[11]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

11/2/2017 12:41:09 PM

Original: Clerk of the Court
Hon. Claire C. Cecchi, U.S.D.J.
cc:    All parties
       File

---

[10] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

[11] *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).